Harold J. Hughes, J.
Petitioners commenced this article 78 proceeding to challenge the validity of the omission of their names from a list of Narcotic Correction Officers who were to be transferred to the Department of Correctional Services when that agency assumed administrative responsibility for the Bushwick Community Rehabilitation Center from the Office of Drug Abuse Services.
The essential facts do not appear to be in dispute. In late 1975 or early 1976, a decision was made to transfer the Bushwick facility from the Office of Drug Abuse Services (ODAS) to the Department of Correctional Services. Thereafter, the Department of Correctional Services determined that the only security officer function which would be transferred was that which was presently performed by Narcotic Correction Officers, Grade 14 (hereafter "NCO’s”), and that the function performed by Narcotic Correction Charge Officers, Grade 16 (hereafter "Charge Officers”), would not be transferred. Such a determination with respect to which functions are to be transferred is authorized by subdivision 2 of section 70 of the Civil Service Law.
On February 11, 1976 a list was posted showing the names of the 21 NCO’s with the greatest seniority who would be transferred to the Department of Correctional Services. The list included the names of the petitioners.
After discussions with officials of the ODAS, respondents Harry McDonald, Harold Gill, R. D. Davis and Robert Keith, who were Charge Officers at the Bushwick facility, were allowed to resign from their Charge Officer positions and were then immediately reinstated as NCO’s. The vacancies in the NCO positions were created by the simultaneous transfer of four NCO’s with low seniority (and who, therefore, would not have been eligible for transfer in any event) to Charge Officer (Grade 16) positions which had been temporarily reduced to Grade 14 items for the two-week period prior to the transfer date.
By virtue of this intricate procedure, the former Charge Officers became NCO’s and, when a revised list of the 21 NCO’s with the most seniority was promulgated, the names of the former Charge Officers were included and the names of *318 the petitioners were deleted. In essence, the former Charge Officers were allowed to "bump” the petitioners.*
The issue before the court is whether this procedure is authorized by subdivision 2 of section 70 of the Civil Service Law which provides in part: "Upon the transfer of a function (a) from one department or agency of the state to another department or agency of the state * * * provision shall be made for the transfer of necessary officers and employees who are substantially engaged in the performance of the function to be transferred. As soon as practicable after the adoption of a law, rule, order or other action directing such a transfer of function, but not less than twenty days prior to the effective date of such transfer, the head of the department or agency from which such function is to be transferred shall certify to the head of the department or agency to which such function is to be transferred a list of the names and titles of those employees substantially engaged in the performance of the function to be transferred”.
Subdivision 2 specifies that the individuals who are eligible for the transfer list are those "who are' substantially engaged in the performance of the function to be transferred”. While it is literally true that the former Charge Officers were performing the NCO function at the moment the revised transfer list was promulgated, the language of subdivision 2 requires more than a mere technical compliance resulting from last-minute bureaucratic machinations. Subdivision 2 must be construed to mean that the individuals eligible for the transfer list are those persons who have genuinely been performing the function in question for a period of sufficient duration such that their inclusion would not constitute a sham. The court finds that the four former Charge Officers do not meet this bona ñdes test and that it was arbitrary and capricious for the ODAS to include their names on the transfer list rather than the names of the petitioners.
The court reaches this conclusion, in part, because of the clause in subdivision 2 which directs that the list shall be promulgated "[a]s soon as practicable after the adoption of a law, rule, order or other action directing such a transfer of function”. While clearly this does not preclude the issuance of *319 a revised list to correct administrative errors, the delay inherent in the promulgation of a revised list for the apparent sole purpose of allowing the "bumping” by the former Charge Officers is inconsistent with the requirement that the list be issued as soon as possible after the decision has been made to transfer the function.
Also, the use of the phrase "are substantially engaged in the performance of the function to be transferred” clearly seems to contemplate more than the momentary performance of the function which was present in this case.
Finally, the court finds compelling the fact that the Legislature has specifically authorized the practice of "bumping”, or the displacement of lower-level employees in the same line of promotion, in a different context, but has chosen not to authorize such a procedure with respect to function transfers. Subdivisions 5 and 6 of section 80 of the Civil Service Law describes the procedures by which certain employees are authorized to displace lower-level employees in the same line of promotion when there is an abolition or reduction of positions. Presumably, the Legislature determined that "bumping” was the most equitable method of determining which employees are to be laid off when positions are to be abolished. It may well be that "bumping” is also the most equitable procedure when a transfer of functions is involved, but that is a policy determination which should be made by the Legislature, not by this court.
The court does not wish to suggest that under no circumstances should an individual who has obtained a position by virtue of resignation from a higher position and subsequent reinstatement to a lower position be considered eligible for a transfer list; only that when that procedure is used for the sole purpose of obtaining eligibility for the transfer list, the court will not countenance such a sham.
Judgment shall be entered for the petitioners George Carr, Melvon Edmond, Richard Harris and Theophillus Clements directing that their names be reinstated on the transfer eligibility list and deleting the names of respondents Harold Gill, Harry McDonald, R. D. Davis and Robert Keith, and that the said petitioners be entitled to no loss of salary, seniority credits or other employment benefits as a result of the actions of the respondents herein.

 Subsequent to the commencement of this proceeding, petitioner Hill was permanently appointed as a Correction Officer at Bushwick, thereby rendering the proceeding moot with respect to him.